Myra PURCELL, Plaintiff—Appellant,

v.

NEW YORK CITY DEPARTMENT OF CORRECTIONS, New York City, Michael Pastena, Warden J.A.T.C. Department of Corrections, Moana, Cap-

tain of Personnel of J.A.T.C., Sharon Wynn, Shield # 529, HMD, Aldo Tartaglini, Psychologist, HMD, Rose Luttan Rubin, Chief Administrative Law Judge, Ray Fleischhacker, Deputy Chief, Administrative Law Judge, Michael P. Jacobson, Commissioner of New York City Department of Correction, Correction Officers Benevolent Association, Norman Seabrook, President of Coba, all in their individual and official capacities, including all unknown others upon discovery, Defendants—Appellees.

No. 03–9004.

United States Court of Appeals, Second Circuit.

Oct. 5, 2004.

Myra Purcell, Brooklyn, N.Y., for Appellant, pro se.

Michael A. Cardozo, Corporation Counsel of the City of New York (Edward F.X. Hart), New York, N.Y., for Appellee, of counsel.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

The plaintiff-appellant Myra Purcell, *pro se,* brought an action alleging violations of 42 U.S.C. §§ 1981, 1983, 1985(3); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* ("ADA"); the First, Fourth, Fifth, and Ninth Amendments; the equal protection and due process clauses of the Fourteenth Amendment; and state constitutional and common law. *See Purcell v. City of New York,* No. 97–CV–7233 (E.D.N.Y. Sept. 28, 2001). In September 2001, the district court granted the defendants' motion for summary judgment as to all of Purcell's claims except for that under the ADA, *id.,* and, in March 2003, granted the defendants' renewed motion for summary judgment with regard to this remaining claim, *see Purcell v. City of New York,* No. 97–CV–7233 (E.D.N.Y. Mar. 26, 2003). Purcell appeals the judgment as to her ADA claim, her due process claim under state and federal law, and her claim that the New York City Department of Corrections ("DOC") acted in retaliation against her.[1]

We review a district court's grant of summary judgment *de novo,* construing "the evidence in the light most favorable to the non-moving party and ... draw[ing] all reasonable inferences in its favor." *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.,* 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions

---

1. All of the appellant's other previous claims, which are not mentioned in her appellate brief, are assumed to be waived on appeal. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (argument deemed abandoned when not raised in *pro se* litigant's appellate brief) (collecting cases).

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

██ The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The same burden-shifting analysis used in Title VII claims is used to evaluate disability discrimination claims under the ADA: a plaintiff must prove a *prima facie* case of discrimination; the burden of production then shifts to defendants to offer non-discriminatory reasons for their actions; and the plaintiff then must show that those reasons are merely pretextual. *See Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.,* 198 F.3d 68, 72 (2d Cir.1999). In order to make out a *prima facie* case of discriminatory discharge under the ADA, a plaintiff must show that: (1) her employer is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she could perform the essential functions of her job with reasonable accommodation; and (4) her employer refused to make such accommodation, or discharged her because of her disability. *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 332 (2d Cir.2000); *Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 149–50 (2d Cir.1998). With regard to her ADA

claim, Purcell did not present sufficient facts to establish a *prima facie* case of discrimination, because she failed to show both that she could have performed the essential functions of her position with reasonable accommodation, and that she was denied reasonable accommodation (in light of the fact that she was granted the accommodations she requested based on stress, and she did not present evidence that she sought accommodation for her back injury). Furthermore, she also failed to show that the defendant's extensive legitimate non-discriminatory reasons for her termination were pretextual.

Purcell's claims regarding retaliation also fail because she did not present sufficient evidence to overcome her employer's proffered legitimate non-discriminatory reasons for its adverse employment actions (including the charge of undue familiarity filed against Purcell and her ultimate termination). *See Richardson v. New York State Dep't of Corr. Servs.,* 180 F.3d 426, 443 (2d Cir.1999).[2]

██ We agree with the district court that Purcell's claims of violations of due process have no merit. First, a public tenured employee is afforded due process when given a "very limited" hearing prior to termination (with a fuller post-termination hearing), *see Gilbert v. Homar,* 520 U.S. 924, 929, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997) (citing *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)); Purcell was given a full adversarial hearing before termination, and also could seek review of the decision in state court pursuant to an Article 78 proceeding. In addition, Purcell's claim of partiality lacks merit because "ad-

---

**2.** Purcell also briefly refers to her claims of "entrapment" (that is, a violation of her constitutional rights through the recording of a telephone call between her and an inmate) and "conspiracy" (referring to § 1985(3)). In

light of the fact that Purcell does not advance arguments against the district court's grant of summary judgment to defendants as to those claims, we do not address them.

ministrators serving as adjudicators are presumed to be unbiased," *Wolkenstein v. Reville,* 694 F.2d 35, 41 (2d Cir.1982), and, while "[t]his presumption can be rebutted by a showing of disqualifying interest, either pecuniary or institutional," *id.* at 42 (citations omitted), Purcell has not satisfied her burden of showing such an interest simply by stating that the administrative law judge was an employee of New York City. This shows neither a direct nor indirect pecuniary interest, *id.* at 42 n. 7, nor a strong institutional one.

Finally, Purcell's argument that the City of New York's Office of Administrative Trials and Hearings is itself unconstitutional (at the state and federal levels)—because it performs a judicial function but is a part of the executive branch—is baseless. It is well-established that the fact that " 'the role of the modern federal hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge,' " *Fed. Mar. Comm'n. v. S.C. State Ports Auth.,* 535 U.S. 743, 756, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) (quoting *Butz v. Economou,* 438 U.S. 478, 513, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)), does not in and of itself violate the federal constitution; similarly, New York state courts have recognized that administrative agencies can permissibly perform quasi-judicial functions, *see, e.g., Premium Ice Co. v. Maltbie,* 43 N.Y.S.2d 71, 266 A.D. 455 (3d Dep't 1943).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.